DICKSON, Justice,
dissenting.
Unemployment benefits are contingent upon a person being terminated from or leaving employment. In expressly entering into a fixed-term employment contract, Professor LaFief voluntarily agreed that his employment would terminate at the conclusion of the 2005-2006 academic year. His employment with Indiana State University thus ended when the contract expired. After the end of the 2005-06 academic year, there was no employment to leave. Before the contract ended, that is, during the time he was employed, LaFief was not discharged, nor did he leave his employment, and thus he did not become eligible for unemployment benefits.
The majority notes that the Act was enacted to “provide for payment of benefits to persons unemployed through no fault of their own.” Ind.Code § 22-4-1-1. The majority further finds that a party voluntarily entering a contract calling for a fixed term of employment is not “at fault” upon the expiration of the contract. I disagree. The professor expressly contracted that his employment would expire at the end of its fixed term. He is thus responsible and accountable for his subsequent unemployment.
At one point in its rationale, the majority states that the expiration of this em *188 ployment contract “was no more voluntary than the termination of the employment of an employee at will.” Opin. at 187. I believe it is mistaken to thus suggest that the discharge from at will employment is volitionally equivalent to the foreseeable unemployment that follows the conclusion of a consensual fixed-term employment contract.
Because I conclude that Professor LaF-ief had no employment to leave or from which to be discharged, and further that he is personally accountable and responsible for the natural consequences of his agreement to the fixed-term contract, I would reverse the decision of the Review Board.
RUCKER, J., concurs.